IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY J. MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-cv-825-WKW-GMB |
| | ) | |
| ROBB COLLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court are the amended complaint filed by *pro se* Plaintiff Rodney J. Murphy and five separate motions to dismiss filed by Defendants Houghton Smith, the State of Alabama (the "State"), Robb and Kelly Colley (collectively, the "Colleys"), and Tytrena Fields. Docs. 10, 20, 21, 27, 28 & 33. On November 4, 2015, this matter was referred to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636(b)(1). Doc. 3. For the reasons that follow, the undersigned recommends that Murphy's amended complaint be DISMISSED because it fails to comply with the prior orders of the court. The court further recommends that, to the extent Murphy's amended complaint is not dismissed for failure to comply with the court's prior orders, his federal claims be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) because they are frivolous and fail to state claims upon which relief can be granted, and that the court decline to exercise supplemental jurisdiction over his remaining state-law claims. Finally, in light of these recommendations, the undersigned recommends that Defendants' motions to dismiss be DENIED AS MOOT.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This action began on November 3, 2015 when Murphy filed a complaint against Smith, the State, the Colleys, Fields, and Defendant Denny Merritt claiming that his civil rights had been violated when "properties in [his] possession" were taken without due process of law. Doc. 1.  More specifically, Murphy alleged:

> Officials incorporated with the state of Alabama, Discovered plaintiffs domiciliary, with five other properties in possession.  Those properties were taken, which plaintiff was deprived without due process.  Action was taken in Montgomery County Circuit.  Plaintiff was denied.

Doc. 1 at ¶ 5.  On December 10, 2015, Merritt moved for the dismissal of Murphy's complaint or, in the alternative, for a more definite statement of his claims. Doc. 5.  On January 26, 2016, the court denied Merritt's motion to dismiss Murphy's complaint but granted his motion for a more definite statement of Murphy's claims. Doc. 8.  The court ordered Murphy to file an amended complaint by February 19, 2016 that alleged specific facts supporting each of his claims against each defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure. Doc. 8.  The court warned Murphy that his failure to comply with this order would result in a recommendation that his claims be dismissed. Doc. 8.

February 19, 2016 came and went with no response from Murphy.  On March 3, 2016, the court entered an order directing Murphy to show cause why his claims should not be dismissed for want of prosecution. Doc. 9.  Again, Murphy did not specifically respond to the court's March 3, 2016 order.  Instead, on March 16, 2016, almost a month after his February 19, 2016 deadline to amend his complaint had passed, Murphy filed a

"civil complaint" against the same defendants.[1] Doc. 10. That complaint, which the court refers to herein as the "amended complaint," alleges essentially the same wrongdoings as Murphy's original complaint:

> Entities/agents incorporated with the State of Alabama discovered plaintiff's property, upon doing such, properties were taken without due process of law, with intimidation also well as [sic] slander.

Doc. 10 at ¶ 5. While this allegation does not reveal the factual predicate for Murphy's claims, the exhibits attached to Murphy's amended complaint do. Notably, Exhibit 3 to Murphy's amended complaint, entitled "Affidavit of Truths and Costs," alleges that Murphy "found" three abandoned properties located at 5280 Vaughn Road, 3044 Renee Drive, and 3000 Montwood Court,[2] and that he "acquired" those properties after he entered them and performed minor home repairs and landscaping work. Doc. 10-3.

Specifically, Murphy claims that he acquired the abandoned Vaughn Road property in May 2013 when he repaired two exterior entry doors, replaced the hardware on all of the entry doors, hired a lawn service to clear the entire property, and then mowed the yard twice a week. Doc. 10-3. Murphy claims that this property was taken by Smith, a realtor, a year after he took possession of it. Doc. 10-3. Murphy claims that he acquired the abandoned Renee Drive property in October 2013 when he made repairs and hardware changes to two entry doors, removed abandoned materials from the property, and provided

---

[1] All of the defendants except Merritt moved to dismiss Murphy's amended complaint. Instead, Merritt filed, and the Clerk's Office docketed, his March 18, 2016 Response to Plaintiff's Recent Filings (Doc. 10) as an answer to Murphy's amended complaint. However, Merritt's failure to file a motion to dismiss does not affect the ultimate recommendation that Murphy's amended complaint, including his claims against Merritt, is due to be dismissed, as explained in greater detail below.

[2] All of these are residential properties located in Montgomery, Alabama. Docs. 10 & 10-1 to -23.

lawn services twice a week. Doc. 10-3. Murphy claims that this property was taken by Fields, another realtor, almost a year after he took possession of it. Doc. 10-3. Finally, Murphy claims that he acquired the abandoned Montwood Court property in April 2014 when he repaired all four entry doors, removed abandoned materials from the property, installed a mailbox, and provided lawn services. Doc. 10-3. Murphy rented the Montwood Court property to another individual for $650 per month. Doc. 10-10. Murphy alleges that this property was taken from him by the Colleys, also realtors, with assistance from Merritt, an investigator for the Montgomery County District Attorney's office, a few months after he took possession of it and rented it to another individual. Doc. 10-3. Murphy further alleges that the Colleys and Merritt intimidated his tenant at the Montwood Court property and that Merritt slandered his character by telling his "tenant that [he] kicked the door open and changed the locks . . . [and that he was] a convict that was just released from Alabama department of corrections." Doc. 10-3.

     Murphy alleges that he is the rightful owner of these properties, and in support of that allegation he submitted with his amended complaint three affidavits attesting to his ownership interests in the properties. *See* Docs. 10-5, 10-13 & 10-21. However, other exhibits Murphy submitted with his amended complaint demonstrate the opposite. For example, one of the exhibits attached to Murphy's amended complaint shows that the Montwood Court property was actually owned by Fannie Mae and that Kelly Colley was the real estate agent responsible for managing the property. Doc. 10-11. Another exhibit shows that, even though Murphy claims he was the owner of the Renee Drive property,

that property was listed for sale by Core Realty with whom Fields is associated.[3] Doc. 10-20.

In short, although Murphy does not use the term "squatting"[4] in his amended complaint, that is essentially what he is alleging—that he "found" these abandoned properties, entered them, and subsequently acquired an ownership interest in them by performing small improvements or landscaping work to them. Murphy contends that his civil rights were violated when he was dispossessed of these properties[5] without due process of law and with "intimidation" and "slander" of his character.[6] Docs. 10 & 10-3. Murphy seeks a variety of damages from the defendants, including $5,000,000 in compensatory damages from each one. Doc. 24.

## II. DISCUSSION

Murphy's amended complaint is due to be dismissed for several reasons. As an

---

[3] Notably, Murphy does not allege that he was the seller of the Renee Drive property or that he had an agreement with Core Realty to list that property for sale. Doc. 10-20.

[4] Black's Law Dictionary defines a "squatter" as: "Someone who settles on property without any legal claim or title." *Black's Law Dictionary* (10th ed. 2014).

[5] The involvement of the Montgomery County District Attorney's Office, *see* Docs. 1, 10 & 10-3, and the allegation that action was taken against Murphy in the Montgomery County Circuit Court, *see* Doc. 1, suggest that Murphy was dispossessed of at least the Montwood Court property through the eviction process, although this is not specifically alleged. The amended complaint contains no explanation as to how the other two properties at issue (Vaughn Road and Renee Drive) were "taken" from Murphy. *See* Docs. 1, 10 & 10-3.

[6] The court interprets Murphy's amended complaint to allege a single federal claim for the violation of his due process rights under 42 U.S.C. § 1983 when the Vaughn Road, Renee Drive, and Montwood Court properties were "taken" from him without due process of law. Doc. 10. While Murphy's amended complaint makes passing references to other federal statutes and causes of action, such as fair housing (42 U.S.C. § 3631), conspiracy to interfere with his civil rights (42 U.S.C. § 1985), and failure to prevent a conspiracy to interfere with his civil rights (42 U.S.C. § 1986), simply mentioning a statutory provision does not equate to stating a cognizable cause of action under that statute. Thus, the court will review Murphy's amended complaint with the leniency afforded *pro se* plaintiffs, but it will not read into Murphy's amended complaint a litany of claims based solely upon offhand references to statutory code sections. As to Murphy's state-law claims, the court interprets his amended complaint to allege a claim for slander but not intimidation, as the court is not aware of a standalone claim for "intimidation" under Alabama law.

initial matter, the amended complaint is due to be dismissed in its entirety because Murphy failed to comply with the prior orders of the court. Moreover, even if Murphy's amended complaint is not due to be dismissed on that independent basis, his federal claims are still due to be dismissed because they are frivolous and because they fail to assert claims upon which relief can be granted. With the dismissal of Murphy's federal claims, the court should decline to exercise supplemental jurisdiction over his remaining state-law claims.

**A.     Failure to Comply with the Orders of the Court**

Murphy's amended complaint should be dismissed in its entirety because he failed to comply with the prior orders of the court. On January 26, 2016, the court granted Merritt's motion for a more definite statement and explained in its order that Murphy's original complaint did not meet threshold pleading standards because it did not specify whether he was bringing his claims against each Defendant in their individual or official capacity, the factual basis for his claims, or how any of the Defendants harmed him or caused him to suffer damages. Doc. 8. The court ordered Murphy to file an amended complaint that specifically set forth his claims against each Defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure by February 19, 2016. Doc. 8. Murphy did not file an amended complaint by that deadline. In fact, it was not until the court ordered Murphy to show cause why his claims should not be dismissed for want of prosecution that he responded, and even then he did not respond specifically to the court's show cause order. Instead, Murphy filed an untimely "civil complaint" asserting essentially the same claims as his original complaint—that his civil rights were violated when the Vaughn Road, Renee Drive, and Montwood Court properties were taken from him without due process of law

6

and with intimidation and slander.

The court concludes that Murphy's amended complaint was not only untimely, but it suffers from the same pleading deficiencies as his original complaint. Murphy does not allege with any specificity how the defendants violated his due process rights, intimidated him, or slandered him. In fact, the amended complaint contains no specific allegations directed to the State, and the only allegations against the other defendants are that they took Murphy's alleged properties without "due process," that the Colleys and Merritt intimidated his tenant in the Montwood Court property (with no further elaboration on this alleged intimidation), and that Merritt slandered his character by telling his tenant at the Montwood Court property that he kicked in the doors, changed the locks, and was "a convict that was just released from Alabama department of corrections." Docs. 10 & 10-3. From the face of the amended complaint, these wholly conclusory allegations do not amount to a "short and plain statement" of the claims showing that Murphy "is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2).

Murphy's amended complaint also does not comply with Rule 10 of the Federal Rules of Civil Procedure or the court's local rules. Rule 10 requires a plaintiff to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Like Rule 10, the court's local rules also prohibit pleadings filed in "letter form." Rule 5.7, Local Rules for the United States District Court, Middle District of Alabama. While the body of Murphy's amended

complaint contains separately numbered paragraphs, it does not contain any separately identified causes of action, and it does not identify which facts or occurrences support which claim. In fact, the limited factual allegations supporting Murphy's claims are contained not in the body of the amended complaint but in a letter entitled "Affidavit of Truth and Cost" attached as an exhibit to the amended complaint. Doc. 10-3.

"Although civil litigants who represent themselves ('*pro se*') benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Gresham v. AT&T Corp.*, 2014 WL 12513899, at *1 (N.D. Ga. Feb. 2, 2015) (internal quotation marks omitted). Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a plaintiff's action for failure to comply with the Federal Rules of Civil Procedure or any other orders of the court. Fed. R. Civ. P. 41(b); *Owens v. Pinellas Cnty. Sheriffs Dep't*, 33 F. App'x 654, 656 (11th Cir. 2009). For the reasons stated above, Murphy's amended complaint does not comply with the court's January 26 and March 3, 2016 orders; Rules 8 and 10 of the Federal Rules of Civil Procedure; and Rule 5.7 of the court's local rules. Based upon this non-compliance, it is the recommendation of the undersigned that Murphy's amended complaint be dismissed without prejudice. *See, e.g.*, *Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (affirming dismissal of complaint for failure to comply with court order); *Crumbsy v. Friese Enters.*, 2015 WL 430042, at *4 (N.D. Ga. Feb. 2, 2015) (dismissing action, in part, because of *pro se* plaintiff's failure to comply with court order).

### B.      Section 1915(e)(2)(B)

Section 1915 obligates the court to dismiss an action "at any time if the court determines" that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)−(iii). Because Murphy was granted *in forma pauperis* status, to the extent his amended complaint is not due to be dismissed in its entirety based upon his failure to comply with the Federal Rules of Civil Procedure and the court's orders, his federal claims are still due to be dismissed pursuant to § 1915(e)(2)(B) because they are frivolous and fail to state claims upon which relief can be granted.

#### 1.      Frivolity

Under § 1915, a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law when the claim seeks to enforce a right that clearly does not exist. *Id.* at 327−28. Stated differently, "a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff 'has little or no chance of success.'" *Coggins v. Thrower*, 2008 WL 370906, at *2 (M.D. Ala. Feb. 11, 2008) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). "A court may conclude that a case has little or no chance of success and dismiss the complaint . . . when it determines from the face of the complaint that factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Id.* (quoting *Neitzke*, 490 U.S. at 327). The court typically must assume the truth of the plaintiff's allegations to determine the frivolity of the

9

complaint unless its factual contentions are clearly baseless. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (explaining that § 1915 gives the court the "'unusual power to pierce the veil of the complaint's factual allegations and dismiss those whose factual contentions are clearly baseless'") (quoting *Neitzke*, 490 U.S. at 327).

The only federal claim alleged in Murphy's amended complaint is a due process claim brought pursuant to 42 U.S.C. § 1983 based upon the alleged taking of his Vaughn Road, Renee Drive, and Montwood Court properties. The court finds that this claim, as asserted against any of the defendants, is frivolous because it lacks an arguable basis in law. Murphy alleges that he found the abandoned Vaughn Road, Renee Drive, and Montwood Court properties in May and October 2013 and April 2014, respectively, and that he acquired those properties at those same times by entering them and performing minor improvements or landscaping work to them. Doc. 10-3. Murphy submitted with his amended complaint three affidavits attesting to the fact that he is the rightful owner of these properties, *see* Docs. 10-5, 10-13 & 10-21, but entering an abandoned property and performing a minor improvement to it does not bestow upon Murphy a legal interest in the property.[7]

Murphy does not allege that he purchased these properties or that he holds the deed to them. He alleges that he found and possessed them and voluntarily incurred expenses

---

[7] The only way Murphy could have acquired title to these properties—without lawfully purchasing them, of course—is through adverse possession. To acquire title by adverse possession, one has to have actual, exclusive, open, notorious, and hostile possession under a claim of right for either ten years (for statutory adverse possession) or twenty years (for prescriptive adverse possession). *See Dunn v. Davenport*, 958 So. 2d 873, 875 (Ala. Civ. App. 2006). Murphy's allegations cannot, even arguably, be read to support adverse possession of any of the three properties.

to make repairs or do landscaping work to them. But even assuming the truth of these allegations (*i.e.*, that Murphy found these properties, entered them, and performed improvements to them), the court fails to see how these allegations could lead to the conclusion that he had any true ownership interest in them. This is particularly true when the exhibits Murphy submitted with his amended complaint show that Fannie Mae was the owner of the Montwood Court property and that the Renee Drive property was listed for sale by a real estate agency with whom Murphy does not allege to have any sort of relationship. In short, all Murphy has alleged is that he is a squatter, and without some plausible constitutional or legal interest in the properties at issue, the court finds that Murphy's due process claim is frivolous and due to be dismissed pursuant to § 1915(e)(2)(B)(i).

### 2. Failure to State a Claim

A claim may also be dismissed under § 1915 for failure to state a claim upon which relief can be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1491 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the plaintiff's allegations must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 557 (internal quotation marks omitted). Further, while a *pro se* litigant is held to a

more lenient standard than that of an attorney, the court will not rewrite an otherwise deficient complaint in order to sustain a cause of action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). A plaintiff's factual allegations are treated as true, but conclusory assertions are not. *Iqbal*, 566 U.S. at 681.

Murphy's amended complaint does not state a cognizable due process claim under § 1983. First, Murphy does not adequately allege that the conduct at issue was committed by a person acting under color of state law. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Moreover, interpreting Murphy's due process claim as a procedural due process claim, he also fails to allege adequately that he had a constitutionally-protected property interest in the properties at issue[8] and that he was deprived of that interest through constitutionally inadequate process. *See Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011). Finally, looking beyond a particular claim, the court concludes that Murphy's amended complaint, as a whole, fails to specify which factual allegations support which claims against each defendant. The allegations of the amended complaint do not show plausibility. Instead, the amended complaint is rife with conclusory allegations that Murphy owned the abandoned properties, that those properties were taken from him without due process, and that he was harmed as a result. Conclusory allegations of this nature, however, are not the type of factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Accordingly, Murphy's due process claim is due to be dismissed pursuant to

---

[8] As previously stated, Murphy's allegation that he found the abandoned properties at issue, entered them, and then performed improvements to them does not create an ownership interest in these properties.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### 3. State-Law Claims

28 U.S.C. § 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §§ 1367(c)(1)–(4). Because Murphy's only federal claim merits dismissal, the undersigned recommends that the court decline to exercise supplemental jurisdiction over his remaining state-law claims.

### III. CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1) That Murphy's amended complaint (Doc. 10) be DISMISSED WITHOUT PREJUDICE for failure to comply with the court's orders and the Federal Rules of Civil Procedure;

(2) That, to the extent Murphy's amended complaint is not dismissed in its entirety for failure to comply with the court's orders and the Federal Rules of Civil Procedure, his federal claims be DISMISSED WITHOUT PREJUDICE pursuant to § 1915(e)(2)(B)(i) and (ii) because they are frivolous and fail to state claims upon which relief can be granted, and that the court DECLINE to exercise supplemental jurisdiction over Murphy's remaining state-law claims pursuant to 28 U.S.C. § 1367(c); and

(3) That the motions to dismiss filed by Defendants Robb Colley, Kelly Colley, Houghton Smith, Tytrena Fields, and the State of Alabama (Docs. 20–21, 27–28 & 33) be DENIED AS MOOT.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **January 27, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 13th day of January, 2017.

                                            /s/ Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE