IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY J. MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-825-WKW |
| | ) | [WO] |
| ROBB COLLEY, KELLY | ) | |
| COLLEY, HOUGHTON SMITH, | ) | |
| TYTRENA FIELDS, DENNY | ) | |
| MERRITT, and the STATE OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge. (Doc. # 51.) On January 27, 2017, Plaintiff Rodney J. Murphy filed a *pro se* objection to the Recommendation. (Doc. # 52.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), and concludes that the objection is due to be overruled.

Construed with the leniency afforded *pro se* plaintiffs, Mr. Murphy's objection makes two principal arguments. First, Mr. Murphy contends that he followed court orders in the filing of his amended complaint. And second, Mr.

Murphy appears to contest the lawfulness, *vel non*, of his possession and later dispossession of the properties at issue. Neither objection persuades the court.

In his first objection, Mr. Murphy focuses on the timeliness of his amended complaint. (Doc. # 52 at 1.) To be sure, despite blowing past the first deadline to amend his complaint, Mr. Murphy filed his complaint by the second court-imposed due date; as far as timeliness goes, Mr. Murphy only violated one court order. (*See* Docs. # 8 (ordering amendment by February 19, 2016), 9 (ordering Mr. Murphy, on March 3, to show cause by March 18 why his claims should not be dismissed for want of prosecution), 10 (amended "civil complaint" filed on March 16, 2016).) But the flaws in Mr. Murphy's pleading extend beyond its filing date. For one, in his March 16 filing, Mr. Murphy wholly disregarded the show-cause order and instead filed the well-overdue amended complaint. And more significantly, the amended complaint fails to meet the requirements of Federal Rules of Civil Procedure 8 and 10. (*See* Doc. # 51 at 7 ("[T]hese wholly conclusory allegations do not amount to a 'short and plain statement' of the claims showing that Murphy 'is entitled to relief,' as required by Rule 8.").) Mr. Murphy also points to the late answers filed by various Defendants as an excuse for his untimely amended complaint. (Doc. # 52 at 1.) But a late answer justifies a motion for an entry of default, not the disregard of a court order; the tardiness of other pleadings does not affect Mr. Murphy's obligation to follow court orders. And finally, even if this first objection were meritorious, Mr.

2

Murphy's complaint would still be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

The second objection fares no better.  Mr. Murphy claims that he "never alleged rightful ownership, only possession as a right of claim, constructively," and that "no action was taken to evict plaintiff from none [sic] of the properties listed in the complaint or amended complaint."  (Doc. # 52 at 2.)  To the extent Mr. Murphy alleges that he has a right to possession that arose in the absence of a possessory interest in the land, his claim "lacks an arguable basis . . . in law" and therefore may be dismissed as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Similarly, because Mr. Murphy neither alleged state action nor a valid interest in the disputed properties, he fails to state a claim for a violation of substantive or procedural due process.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011).  Therefore, dismissal under § 1915(e)(2)(B)(i) and (ii) is proper.  And, even if some merit could be gleamed from these claims, dismissal for failure to comply with court orders and the Federal Rules of Civil Procedure would still be in order.

Accordingly, it is ORDERED as follows:

1.    The Recommendation of the Magistrate Judge (Doc. # 51) is ADOPTED;

2. This case is DISMISSED without prejudice for Plaintiff's failure to comply with court orders and the Federal Rules of Civil Procedure and because, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the federal claims are frivolous and fail to state a claim upon which relief can be granted; and

3. The motions to dismiss filed by Defendants Houghton Smith (Doc. # 20), State of Alabama (Doc. # 21), Robb Kelley (Doc. # 27), Kelly Colley (Doc. # 28), and Tytrena Fields (Doc. # 33) are DENIED as moot.

A final judgment will be entered separately.

DONE this 1st day of February, 2017.

                                                /s/ W. Keith Watkins  
                                      CHIEF UNITED STATES DISTRICT JUDGE